UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| **ELIZABETH WILLIAMS**<br>     Plaintiff<br><br>V.<br><br>**AMERICAN ROLL-ON ROLL-OFF CARRIER LLC & TOTE SERVICES, LLC**<br>     **Defendants** | Civil Action<br><br>No. 3:26-CV-188-HES-MCR |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and for her complaint states:

**General Factual Allegations**

1. The Plaintiff, Elizabeth Williams, is a resident of Medway, Maine.

2. The Defendant, American Roll-On Roll-Off Carrier LLC, is a corporation, duly organized and existing under the laws of the Delaware.

3. On or about March 16, 2023, the Defendant, American Roll-On Roll-Off Carrier LLC, was doing business within the State of Florida.

4. On or about 2023, the Defendant, American Roll-On Roll-Off Carrier LLC, was doing business within the State of Florida.

5. The Defendant, TOTE Services, LLC, is a corporation, duly organized and

existing under the laws of the Delaware.

6. On or about March 16, 2023, the Defendant, TOTE Services, LLC, was doing business within the State of Florida.

7. On or about 2023, the Defendant, TOTE Services, LLC, was doing business within the State of Florida.

8. On or about March 16, 2023, the Plaintiff, Elizabeth Williams, was employed by the Defendant, American Roll-On Roll-Off Carrier LLC.

9. On or about March 16, 2023, the Plaintiff, Elizabeth Williams, was employed by the Defendant, American Roll-On Roll-Off Carrier LLC, as a seaman, and a member of the crew of the M/V LIBERTY.

10. On or about March 16, 2023, the Defendant, American Roll-On Roll-Off Carrier LLC, owned the M/V LIBERTY.

11. The Defendant, American Roll-On Roll-Off Carrier LLC, chartered the M/V LIBERTY from some other person or entity such that on or about March 16, 2023 the Defendant, American Roll-On Roll-Off Carrier LLC was the owner pro hac vice of the M/V LIBERTY.

12. On or about March 16, 2023, the Defendant, American Roll-On Roll-Off Carrier LLC, operated the M/V LIBERTY.

13. On or about March 16, 2023, the Defendant, American Roll-On Roll-Off Carrier LLC, or the Defendant's agents, servants, and/or employees,

controlled the M/V LIBERTY.

14. On or about March 16, 2023, the Plaintiff, Elizabeth Williams, was employed by the Defendant, TOTE Services, LLC.

15. On or about March 16, 2023, the Plaintiff, Elizabeth Williams, was employed by the Defendant, TOTE Services, LLC, as a seaman, and a member of the crew of the M/V LIBERTY.

16. On or about March 16, 2023, the Defendant, TOTE Services, LLC, owned the M/V LIBERTY.

17. The Defendant, TOTE Services, LLC, chartered the M/V LIBERTY from some other person or entity such that on or about March 16, 2023 the Defendant, TOTE Services, LLC was the owner pro hac vice of the M/V LIBERTY.

18. On or about March 16, 2023, the Defendant, TOTE Services, LLC, operated the M/V LIBERTY.

19. On or about March 16, 2023, the Defendant, TOTE Services, LLC, or the Defendant's agents, servants, and/or employees, controlled the M/V LIBERTY.

20. On or about March 16, 2023, the M/V LIBERTY was in navigable waters.

21. On or about March 16, 2023, while in the in the performance of her duties in the service of the M/V LIBERTY, the Plaintiff, Elizabeth Williams,

sustained personal injuries, including but not limited to a laceration to the forehead, brain hemorrhage, concussion, headaches, pain, post-concussion syndrome to PTSD when she was pulling apart chains that were all tangled and taught.

22. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Elizabeth Williams, was exercising due care.

## Jurisdiction

23. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104 , et. seq. (formerly §688 et. seq.).

24. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332 and alternatively 28 U.S.C. §1333.

## COUNT I
## Elizabeth Williams v. American Roll-On Roll-Off Carrier LLC
### (JONES ACT NEGLIGENCE)

25. The Plaintiff, Elizabeth Williams, reiterates the allegations set forth in paragraphs 1 through 24 above.

26. The personal injuries sustained by the Plaintiff, Elizabeth Williams, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees, , including but not limited to the following:

4

  a. Defendant failed to provide the Plaintiff with a safe place to work;

  b. Defendant failed to comply with its own policies and procedures;

  c. Defendant failed to properly store the chains;

  d. Defendant failed to have safe operation and procedure for untangling the chains;

  e. Defendant failed to maintain the vessel's gear, equipment, working areas and machinery in a safe condition for operations;

  f. Defendant failed to warn plaintiff of a potentially dangerous condition;

  g. Defendant failed to provide the proper safety equipment;

  h. and other aspects which will be shown at the time of trial

27. As a result of said injuries, the Plaintiff, Elizabeth Williams, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

28. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

  WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, American Roll-On Roll-Off Carrier LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT II
## Elizabeth Williams v. American Roll-On Roll-Off Carrier LLC
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

29. The Plaintiff, Elizabeth Williams, reiterates the allegations set forth in paragraphs 1 through 24 above.

30. The personal injuries sustained by the Plaintiff, Elizabeth Williams, were due to no fault of her, but were caused by the Unseaworthiness of the M/V LIBERTY, including but not limited to the following:

   a. the vessel, its gear, equipment, working areas, machinery and appurtenances were not fit for their intended purposes:

   b. and other aspects which will be shown at the time of trial.

31. As a result of said injuries, the Plaintiff, Elizabeth Williams has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

32. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

   WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, American Roll-On Roll-Off Carrier LLC, in an amount to be determined by a jury together with interest and costs.

## COUNT III
## Elizabeth Williams v. American Roll-On Roll-Off Carrier LLC
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

33. The Plaintiff, Elizabeth Williams, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

34. As a result of the personal injuries described in paragraph 21 above, the Plaintiff, Elizabeth Williams, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, American Roll-On Roll-Off Carrier LLC, in the amount to be determined for maintenance and cure, together with costs and interest.

## COUNT IV
## Elizabeth Williams v. TOTE Services, LLC
### (JONES ACT NEGLIGENCE)

35. The Plaintiff, Elizabeth Williams, reiterates the allegations set forth in paragraphs 1 through 24 above.

36. The personal injuries sustained by the Plaintiff, Elizabeth Williams, were not caused by any fault on her part but were caused by the negligence of the Defendant, its agents, servants and/or employees,

    a. Defendant failed to provide the Plaintiff with a safe place to work;

    b. Defendant failed to comply with its own policies and procedures;

    c. Defendant failed to properly store the chains;

    d.     Defendant failed to have safe operation and procedure for untangling the chains;

    e.     Defendant failed to maintain the vessel's gear, equipment, working areas and machinery in a safe condition for operations;

    f.     Defendant failed to warn plaintiff of a potentially dangerous condition;

    g.     Defendant failed to provide the proper safety equipment;

    h.     and other aspects which will be shown at the time of trial

37. As a result of said injuries, the Plaintiff, Elizabeth Williams, has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

38. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, TOTE Services, LLC, in an amount to be determined by a jury together with interest and costs.

### COUNT V
### Elizabeth Williams v. TOTE Services, LLC
### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

39. The Plaintiff, Elizabeth Williams, reiterates the allegations set forth in

paragraphs 1 through 24 above.

40. The personal injuries sustained by the Plaintiff, Elizabeth Williams, were due to no fault of her, but were caused by the Unseaworthiness of the M/V LIBERTY, including but not limited to the following:

    a. the vessel, its gear, equipment, working areas, machinery and appurtenances were not fit for their intended purposes:

    b. and other aspects which will be shown at the time of trial.

41. As a result of said injuries, the Plaintiff, Elizabeth Williams has, suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

42. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count IV.

WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, TOTE Services, LLC, in an amount to be determined by a jury together with interest and costs.

### COUNT VI
### Elizabeth Williams v. TOTE Services, LLC
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

43. The Plaintiff, Elizabeth Williams, reiterates all of the allegations set forth in Paragraphs 1 through 24 above.

44.     As a result of the personal injuries described in paragraph 21 above, the Plaintiff, Elizabeth Williams, has incurred and will continue to incur expenses for her maintenance and cure.

WHEREFORE, the Plaintiff, Elizabeth Williams, demands judgment against the Defendant, TOTE Services, LLC, in the amount to be determined for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN COUNTS I-VI.**

Respectfully submitted for the
the Plaintiff, ELIZABETH WILLIAMS,
by her attorney,

/s/ Carolyn M. Latti
Carolyn M. Latti
MA BBO #567-394
Latti Associates LLC
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattiassociates.com

Dated: January 22, 2026